**Motions Disposed and Order filed July 27, 2017**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-16-00440-CV
_____

### DALE L. JOHNSON, Appellant

### V.

### NATIONAL OILWELL VARCO, LP, Appellee

---

**On Appeal from the 152nd District Court
Harris County, Texas
Trial Court Cause No. 2013-62983**

---

## ORDER

Appellant filed his brief on June 16, 2017. The brief does not contain a certificate of compliance and does not indicate the number of words in the document. *See* Tex. R. App. P. 9.4i)(2), (3). Appellee filed a motion to strike the brief, alleging the brief is nearly 20,000 words.

In response, appellant filed an opposition to appellee's motion and filed a motion to exceed the word limit. Appellant explained he knew the brief was close to

20,000 words but believed he was permitted an aggregate of 27,000 words for all his briefing and may allocate the 27,000 words however he chooses. *See* Tex. R. App. P. 9.4(i)(2)(B). Appellee opposes the motion to exceed the word limit.

Rule 9.4(i)(2)(B) states that a brief and response in an appellate court may not exceed 15,000 words if computer-generated, and 50 pages if not. *Id.* The rule also states, "In a civil case in the court of appeals, the aggregate of all briefs filed by a party must not exceed 27,000 words if computer-generated, and 90 pages if not." *Id.* Rule 9.4(i)(2)(C) then states that a reply brief in an appellate court may not exceed 7,500 words if computer-generated, and 25 pages if not.

Appellant contends that because the rule both contemplates the aggregate number of words in a brief and reply not to exceed 22,500 words and sets an upper limit of 27,000 words for all a party's briefs, a party must be able to use the "extra" 4,500 words (the difference between 22,500 and 27,000) as it chooses.

We disagree. Rule 9.4(i)(2)(B) is based on former Rule 38.4 (repealed effective December 1, 2012), which stated:

> An appellant's brief or appellee's brief must be no longer than 50 pages, exclusive of [certain items]. A reply brief must be no longer than 25 pages, exclusive of the items stated above. But in a civil case, the aggregate number of pages of all briefs filed by a party must not exceed 90, exclusive of the items stated above. The court may, on motion, permit a longer brief.

Tex. R. App. P. 38.4, 60 Tex. B.J. 447 (Tex. Tex. Crim. App. 1997, repealed 2012). The comment to the Rule 38 explained that the aggregate word or page limit on "all briefs filed by a party," as used in Rule 38.4, applies to cases in which a single party files two or more briefs in its different capacities, such as an appellant and a cross-appellee:

. . . . Subdivision 38.4 imposes a total brief limit of 90 pages on each

party. Thus, if more than one party has filed a notice of appeal, there will be multiple appellants, appellees, and reply briefs, but each party is limited to a total of 90 pages. . . .

Tex. R. App. P. 38.4 cmt., 60 Tex. B.J. 449–50 (Tex. and Tex. Crim. App. 1997, repealed 2012).

We conclude that appellant's brief, which contains nearly 5,000 words over the limit, violates Rule 9.4(i)(2)(B).

Accordingly, we rule as follows:

1. Appellant's motion to exceed the word limit is DENIED.

2. Appellee's motion to strike is GRANTED.

3. Appellant's brief filed June 16, 2017 is STRICKEN. Appellant shall redraw his brief and file it with this court by **August 26, 2017**.

4. This order does not preclude appellant from seeking leave to exceed the word limitations on his amended brief. However, appellant is urged to file an amended brief for which no such leave is required.


PER CURIAM